14-1455-cv
*Lilly v. Lewiston Porter Cen. Sch. Dist, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand and fifteen.

Present:     Peter W. Hall,
             Raymond J. Lohier,
                       *Circuit Judges*,

             Jeffrey Alker Meyer,
                       *District Judge,*[*]

─────────────────────────────────────────

Edward Lilly,

             *Plaintiff-Appellant*,

             v.                                    No. 14-1455-cv

Lewiston-Porter Central School District, David Schaubert,
Louis Palmeri, Robert Laub, and James Mezhir,

                       *Defendants-Appellees*.

─────────────────────────────────────────

FOR APPELLANT:               RICHARD H. WYSSLING, Law Office of Richard H.
                             Wyssling, Esq., Buffalo, NY.

─────────────────

[*] Hon. Jeffrey Alker Meyer, of the United States District Court for the District of Connecticut, sitting by designation.

1

FOR APPELLEES:              KEVIN M. KEARNEY, Karl Wilfred Kristoff, Hogson Russ
                            LLP, Buffalo, NY *for* Lewiston-Porter Central School
                            District

                            Michael J. Keane, Colucci & Gallaher, P.C. *for* the
                            individual defendants.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On appeal, Plaintiff-Appellant Edward Lilly challenges the district court's grant of summary judgment in favor of defendant-appellees David Schaubert and the Lewiston-Porter Central School District.[1] (Skretny, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment de novo, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rationale trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).

Upon such review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated in its thorough and well-reasoned

---

[1] The claims against defendant-appellees Louis Palmeri, Robert Laub, and James Mezhir were dismissed by an earlier opinion of the district court, which is not challenged on appeal.

2

memorandum and order. In particular, on review of the record we confirm that the district court properly concluded that the record is bereft of any admissible evidence that defendant Schaubert interfered with plaintiff's ability to register for the training courses required by New York Education Law §2102-a or that Schaubert was aware that bringing the removal action when he did was premature. While the evidence plaintiff points to would support findings that Schaubert harbored animosity toward plaintiff and sought his removal for the failure to take the required classes, it cannot be reasonably construed to support the propositions that Schaubert prevented Lilly from taking the courses or that he was objectively unreasonable in commencing the removal proceedings when he did.

Although it entered judgment in favor of the school district, the district court did not separately analyze whether the school district could be liable even if Schaubert were granted qualified immunity. Because it is clear that the judgment for the school district was appropriate, we affirm nevertheless. *See McNally Wellman Co. v. New York State Elec. & Gas Corp.*, 63 F.3d 1188, 1194 (2d Cir. 1995) ("We need not affirm for the reasons expressed by the district court but may affirm on any ground supported by the record."). This court has previously recognized that New York school districts "are 'persons' within the meaning of [42 U.S.C.] § 1983" and, as such, "are not liable 'on a *respondeat superior* theory,' simply because an employee committed a tort." *Nagle v. Marron*, 663 F.3d 100, 116 (2011) (quoting *Monell v. Dep't of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 663, 691 (1978)). Plaintiff does not argue on appeal and has presented no evidence that Lilly's removal was the result of the "government's policy or custom." *Id.* Moreover, the reversal of Lilly's removal by the Commissioner of Education demonstrates that Schaubert did not have final policy-making authority regarding the removal. As a consequence, Schaubert's actions in that regard cannot give rise to liability on the

3

part of Lewiston-Porter Central School District. Judgment in favor of the school district was therefore appropriate.

We have considered all of Lilly's remaining arguments, including those regarding the exhibits, and find them to be without merit. Accordingly, we **AFFIRM** the district court's grant of summary judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4